UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW E. CRIST, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, <br><br> Defendant. | Case No. C10-5790-JCC-BAT <br><br> **REPORT AND RECOMMENDATION** |

Andrew E. Crist seeks review of the denial of his Supplemental Security Income and Disability Insurance Benefits applications. He contends the ALJ erred by rejecting Dr. Kathryn Tonder's opinions on handling limitations. Dkt. 12. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## INTRODUCTION

Mr. Crist is currently 43 years old, has completed the 12th grade, and has worked as a construction laborer.[1] His application for benefits was denied initially and on reconsideration.[2] The ALJ conducted a hearing on July 23, 2009 and found Mr. Crist not disabled. Tr. 8. As the Appeals Council denied Mr. Crist's request for review, the ALJ's decision is the commissioner's final decision.

---

[1] Tr. 109, 147, 157.
[2] Tr. 71, 74, 81.

REPORT AND RECOMMENDATION- 1

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ made the following findings:

**Step one:** Mr. Crist has not worked since January 1, 2006.  Tr. 13.

**Step two:** Mr. Crist has the following severe impairments: hernia, history of scrotal gangrene, history of congestive heart failure, right shoulder tendonitis, degenerative disc disease of the lumbar spine, and obesity.  *Id.*.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:** Mr. Crist can perform sedentary work with a no overhead reaching limitation.  Tr. 16.

**Step four:** Mr. Crist cannot perform his past work.  Tr. 19.

**Step five:** As there are jobs Mr. Crist can perform, he is not disabled.  *Id.*

# DISCUSSION

**1. The ALJ erred by failing to give reasons to reject Dr. Tonder's opinion about shoulder impingement.**

Treating physician Kathryn Tonder, M.D. opined Mr. Crist suffers from "marked" right shoulder impingement.  As used by the doctor, "marked" means "very significant interference with the ability to perform one or more basic work related activities."  Tr 387, 461.  Mr. Crist contends the ALJ erred in failing to consider this opinion.  As discussed below, the Court agrees and further finds the error was not harmless.

An ALJ must generally accord a treating physician's opinion the most weight.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  An ALJ can reject the uncontradicted opinion of a treating physician only by giving clear and convincing reasons.  Even where contradicted, an

---

[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

1  ALJ can reject a treating physician's opinion only for "specific and legitimate reasons that are
2  supported by substantial evidence in the record." *Id*. (citation omitted).  An ALJ does this by
3  providing a detailed and thorough summary of the facts and conflicting evidence, stating his
4  interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d
5  747, 751 (9th Cir. 1989).

6        The commissioner "concedes the ALJ's analysis of Dr. Tonder's opinion "could have
7  been stated better" but argues that any error in this regard is harmless. Dkt. 13 at 4.  The
8  concession is made because the record reveals the ALJ did not explain why she was rejecting Dr.
9  Tonder's opinion about Mr. Crist's marked right shoulder impingement.

10       The ALJ found Mr. Crist's right shoulder tendonitis "imposed difficulties in doing work-
11 related activities" and is a severe impairment. Tr. 14. As noted above, Dr. Tonder found Mr.
12 Crist suffers from "marked" right shoulder impingement—impingement that very significantly
13 interfered with Mr. Crist's ability to perform one or more basic work related activities. Tr 387,
14 461. The ALJ did not discuss Dr. Tonder's opinion. Instead, the ALJ only noted the doctor's
15 physical evaluation forms support an RFC of "less than a full range of sedentary with a limitation
16 to no overhead reaching" for a period of four to six months[5] and that the doctor opined Mr. Crist
17 was "severely limited" based on his groin abcess/gangrene and diabetes. Tr. 18. Although the
18 ALJ stated she was giving this opinion "little weight," she also stated she was adopting the
19 doctor's opinions "giving all benefit of doubt to the claimant." *Id.*

20       The record thus clearly establishes the ALJ failed to give any reasons to reject a treating
21 physician's opinion about Mr. Crist's shoulder impingement. Because the doctor opined the
22 impingement significantly interfered with Mr. Crist's ability to perform one or more basic work
23

---

[5] Tr. 16.

REPORT AND RECOMMENDATION- 3

related activities, the ALJ was required to explain why this probative evidence was rejected or was not discussed.  *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  The ALJ erred in failing to do so.  The Court cannot assume the ALJ performed a critical analysis in the case and affirm her decision on that basis.  The Court can only affirm the ALJ's finding when she clearly sets forth the factual basis for it and those facts can be found in the record.

**2.  The ALJ's error was not harmless.**

The commissioner argues any error the ALJ committed is harmless under the standard set forth in *Carmickle v. Comm'r  Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008).  Dkt. 13 at 4.  The *Carmickle* harmless error standard applies where some of the reasons the ALJ relied on to reject evidence are invalid.  *Id.* at 1162.  Errors committed under these circumstances are harmless if there remains substantial evidence supporting the ALJ's conclusions, and the error does not negate the validity of the ALJ's ultimate conclusion.  *Id.*  The key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand."  *Id.* at 1163 n.4.

However, where the ALJ errs by failing to provide any reason for rejecting relevant evidence, the error is harmless only if the court "can confidently conclude that no reasonable ALJ, when not making the same error as the ALJ, could have reached a different disability determination."  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006); *see also Carmickle*, 533 F.3d at 1162-63.  Because the ALJ failed to give any reason for rejecting Dr. Tonder's opinion about Mr. Crist's shoulder impingement, the Court reviews the ALJ's error under the *Stout* standard.

Turning to the commissioner's arguments, the commissioner contends under *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), the ALJ's error was harmless because "the ALJ's

REPORT AND RECOMMENDATION- 4

reasons can be reasonably inferred from the ALJ's decision as a whole." A court can draw legitimate inferences from an ALJ's opinion in an appropriate case, but this is not an appropriate case to do so. In *Magallanes*, Dr. Pont and Dr. Fox both opined the claimant's onset date was 1983. Unlike the present case, the ALJ in *Magallanes* gave specific and legitimate reasons to reject Dr. Pont's opinion including the claimant's testimony, and the opinions of Dr. Sigurdson, Dr. Auerbach, Dr. Meadow, and Dr. Hanbury. The ALJ also explained why this evidence undermined Dr. Pont's opinion. *Magallanes*, at 752-54. The ALJ in *Magallanes* did not recite the exact reasons for rejecting Dr. Fox's opinion. But the Ninth Circuit Court of Appeals found it could infer from the specific and legitimate reasons the ALJ articulated in rejecting Dr. Pont's opinions, that the ALJ also properly rejected Dr. Fox's opinions. *Id*. at 755.

     In contrast, the ALJ in Mr. Crist's case did not address the issue of marked right shoulder impingement. There are thus no detailed and legitimate reasons set forth by the ALJ that the Court can rely upon to infer that the ALJ properly rejected Dr. Tonder's opinion. The commissioner nonetheless argues the Court should affirm on the grounds that Dr. Tonder opined Mr. Crist had the RFC to perform sedentary work, the doctor's opinion is time limited, and the opinion is contrary to the medical evidence. *See* Dkt. 13. Because the ALJ did not mention these reasons, save the last one, in rejecting Dr. Tonder's opinion, the commissioner's argument is an improper post-hoc rationalization this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

     As to the last reason, the ALJ discounted Mr. Crist's testimony on the grounds he is left-handed and "the problems with the right shoulder involved his non-dominent hand." Tr. 18. What the statement seems to be saying is Mr. Crist's right shoulder problems do not matter to the disability determination because he is left-handed. This statement, however, is not grounds to

REPORT AND RECOMMENDATION- 5

reject Dr. Tonder's opinion because it is contradicted by the vocational expert's testimony.  The expert testified there are jobs Mr. Crist can perform assuming he had the RFC to perform sedentary work that involved no overhead lifting.  Tr. 61.  But, the expert testified Mr. Crist could not perform these jobs if he had a marked restriction to lifting, handling and carrying with his "non-dominant upper extremity." Tr. 64.  The expert further testified it made no difference that the restriction was in the non-dominant extremity because all of the sedentary jobs he had identified required "the use of both hands in a coordinated fashion."  *Id.*

Hence, the commissioner's suggestion the ALJ's failure to address Dr. Tonder's opinion is harmless fails. An error under the circumstances of this case is harmless when it was clear from the record that it is "inconsequential to the ultimate nondisability determination."  *Stout*, 454 F.3d at 1055.  The Ninth Circuit has noted it has never found harmless an "ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work." *Id*. This applies with greater force, here, where the ALJ failed to discuss a treating physician's opinion about a marked limitation.  As the vocational expert's testimony shows, the limitations found by Dr. Tonder are not inconsequential.  The expert testified the limitations found by Dr. Tonder would render Mr. Crist unable to perform the jobs that the ALJ ultimately found Mr. Crist is capable of performing.  Because the ALJ did not make legally sufficient findings to reject Dr. Tonder's opinion, the Court cannot say "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id*.  Accordingly, the Court finds the error not harmless.

**3. The case should be remanded for further proceedings.**

The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v.*

REPORT AND RECOMMENDATION- 6

*Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  This occurs when:  (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.  *Id*. at 1076-77.

Mr. Crist argues the Court should order his application for benefits be granted based on the vocational expert's testimony that if Mr. Crist has marked right shoulder impingement, he is disabled.  However, the Court agrees with the commissioner the matter should be remanded for further proceedings.  The vocational expert testified Mr. Crist could perform certain sedentary jobs that did not involve overhead reaching.  The expert testified Mr. Crist would not be able to perform these sedentary jobs with marked shoulder impingement.  But the expert never testified the shoulder impingement rendered Mr. Crist disabled and that there were no jobs he could perform. The expert was never asked whether there were other jobs Mr. Crist could perform assuming the limitations caused by marked shoulder impingement.  Hence whether there are other jobs Mr. Crist can perform is an outstanding issue that must be resolved before a determination of disability can be made.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.   On remand, the ALJ should (1) reevaluate the medical opinions of Kathryn Tonder, M.D. and develop the medical record in this regard; (2) reevaluate plaintiff's RFC; and (3) reassess steps four and five of the sequential evaluation process with the assistance of a vocational expert if

REPORT AND RECOMMENDATION- 7

1 deemed appropriate. A proposed order accompanies this Report and Recommendation.

2     DATED this 11th day of April, 2011.

                                               BRIAN A. TSUCHIDA
                                               United States Magistrate Judge

REPORT AND RECOMMENDATION- 8